IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)



**JEFFREY B. COHEN**
2419 Long Ridge Rd
Reisterstown, MD 21136


            Plaintiff,


v.                                              Case No.: **JKB 1 4 C V 0 7 6 8**

**INS CONSULTANTS, INC.**
419 S. 2nd Street Suite 206
Philadelphia, PA 19147

**INS INSURANCE REGULATORY SERVICES, INC.**
419 S. 2nd Street Suite 206
Philadelphia, PA 19147

**GREGG BEALUK**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**DAVID KOEHLER**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**PAUL HOFFMAN**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**FRANCIS NERNEY**
19605 Cameron Mill Rd
Parkton, MD 21120

**SEAN WRIGHT**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**MICHAEL TEICHMAN**
800 King Street Suite 203
Wilmington, DE 19801.

**PHILLIP METCALF**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**CHRISTIAN LODOWSKI**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**MICHAEL JOHNSON**
950 Ridgebrook Rd
Suite 1500
Sparks, MD 21152

**ENTERTAINMENT RISK, LLC.**
8470 Holcomb Bridge Rd Suite 260
Alpharetta, GA 30022.

**RMS INSURANCE BROKERAGE, LLC**
1044 Franklin Ave.
Garden City, NY 11530.

Defendants.

## COMPLAINT

1. Plaintiff Jeffrey Brian Cohen ("Cohen" or "Plaintiff"), *pro se*, files this Complaint against Defendants INS Consultants, Inc and INS Insurance Regulatory Services, Inc (together referred to as ("INSRIS"); Gregg Bealuk ("Bealuk"); David Koehler ("Koehler"); Paul Hoffman ("Hoffman"); Francis Nerney ("Nerney"); Sean Wright ("Wright"); Michael Teichman ("Teichman"); Phillip Metcalf ("Metcalf"); Christian Lodowski ("Lodowski");

Michael Johnson ("Johnson"); Entertainment Risk, LLC ("ENR"); and RMS Insurance Brokerage, LLC ("RMS").

2. In support hereof, Cohen alleges as follows:


## THE PARTIES

3. Plaintiff is an individual who resides at 2419 Long Ridge Rd Reisterstown, MD 21136.

4. Defendants INSRIS are corporations domiciled within the State of Pennsylvania and their principal place of business is 419 S. 2nd Street Suite 206 Philadelphia, PA 19147.

5. Defendant Bealuk is an individual who who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

6. Defendant Johnson is an individual who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

7. Defendant Hoffman is an individual who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

8. Defendant Teichman is an individual who works at and receives mail at 800 King Street Suite 203 Wilmington, DE 19801.

9. Defendant Lodowski is an individual who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

10. Defendant Metcalf is an individual who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

11. Defendant Koehler is an individual who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

12. Defendant Wright is an individual who works at and receives mail at 950 Ridgebrook Rd suite 1500 Sparks, MD 21152.

13. Defendant Nerney is an individual who resides at 19605 Cameron Mill Rd Parkton, MD 21120.

14. Defendant ENR is a limited liability company with its principal place of business at 8470 Holcomb Bridge Rd Suite 260 Alpharetta, GA 30022.

15. Defendant RMS is a limited liability company with its principal place of business at 1044 Franklin Ave. Garden City, NY 11530.

## JURISDICTION

16. All events giving rise to this cause of action occurred in the State of Maryland.

17. This Court has jurisdiction over the above-captioned matter pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. This Court also has jurisdiction over this matter pursuant to the federal questions presented in this matter.

18. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) & (b2), because this is a jurisdiction in which a substantial, if not all, of the property, events and omissions giving rise to Cohen's claims occurred, also pursuant to 28 U.S.C. § 1391(c), because this Court has personal jurisdiction over Defendants. In addition, this Court has personal jurisdiction over all Defendants, pursuant to MD Code Ann., Cts. & Jud. Proc. § 6-103, because the causes of action arose in this state.

## FACTS

### Cohen Employment Agreement

19. Plaintiff is the founder of Indemnity Insurance Corporation, RRG ("IIC"). Through RB Entertainment Ventures, LLC, Plaintiff owns 99% of IIC. Plaintiff is also the founder and owner of several other entities with close affiliation to IIC including but not limited to: IDG Companies, LLC ("IDG"), NI Agency, LLC ("NIA"), The Agency, LLC ("TAL"), K&J Productions, LLC ("KJ") and Insurance Designers of Maryland, Inc. ("IDMD") (collectively, the "Cohen Entities"). The Cohen Entities – operate from offices located at 950 Ridgebrook Road, Suite 1500, Sparks, MD (the "Office), which is leased exclusively to TAL. In addition to creating and owning IIC, Plaintiff was an employee of IIC.

20. The Cohen Entities are engaged in the business of sales and/or service of products in various states within the United States.

21. On or about January 6, 2012, Plaintiff, IIC and the Cohen Entities executed an employment agreement (the "Employment Agreement")[1].

22. The Employment Agreement governs the terms and conditions of Plaintiff's employment with IIC and the Cohen Entities.

23. Pursuant to the Employment Agreement, Plaintiff was to be employed by IIC and the Cohen Entities as President, or a job title which shall be mutually acceptable to Plaintiff, IIC and the Cohen Entities, and would report to the board of directors of IIC and the Cohen Entities.

---

[1] See Exhibit A

24. The initial term of the Employment Agreement was 10 years, commencing on January 1, 2012 (the "Initial Term."). After the Initial Term, the Employment Agreement would renew automatically, subject to certain conditions. During the Initial Term, the Employment Agreement could either be terminated "for cause" or not for cause. Pursuant to the Employment Agreement, "for cause" means:

> upon death of Employee; Upon notice from [IIC and the Cohen Entities] to Employee in the event of an illness or other disability which has totally and permanently incapacitated him from performing his duties for six consecutive months as determined in good faith by the Board of Directors; if at any time Employee is found guilty by a court of law of an act of embezzlement; or has failed to perform any of his assigned duties; or the voluntary resignation of Employee.

25. The Employment Agreement provides for specific compensation to Plaintiff in exchange for his services and in consideration for his agreement to the non-competition and non-solicitation covenants in the Employment Agreement.

26. The Employment Agreement also provides for bonus compensation to Plaintiff. Under the Employment Agreement, all bonuses are payable to Plaintiff within 90 days of the close of each fiscal annual period. To date, Plaintiff has not received payment from IIC for his bonus, which became payable on January 1, 2013 and was due prior to March 31, 2013 pursuant to Section 6(B) of the Employment Agreement. Section 6(C) of the Employment Agreement also provides for other benefits to Plaintiff.

27. At all relevant times, Plaintiff fully complied with the terms of the Employment Agreement. At all relevant times, Plaintiff performed all duties assigned to him pursuant to the terms of the Employment Agreement, and performed those duties to the best of his ability, experience and talents.

6

28. On or about September 18, 2013, Plaintiff was terminated for two (2) reasons: (i) his allegedly "gross mismanagement" of Indemnity's "relationship with its regulators" and (ii) his purported attempts to "drive a wedge between the Company's management and its employees and to damage its relationships with its agents and brokers."

29. While Plaintiff disagrees with conclusions asserted by the IIC Board, neither of the two reasons given for his termination satisfies the termination "for cause" provisions set forth in the Employment Agreement. Moreover, the Termination Letter did not explicitly state that Plaintiff's employment was terminated "for cause." Accordingly, Plaintiff's termination "is effected for any reason other than the for cause reasons" stated in the Employment Agreement.

## Cohen Rental Agreements

30. Plaintiff and IIC executed two separate Residential Dwelling Leases (the "Leases")[2]. The Leases govern the terms and conditions of the contracts between Plaintiff and IIC.

31. Neither of the Leases were cancellable by IIC during the term of the contracts. Pursuant to the terms and conditions of the Leases, IIC was obligated to remit monthly rental payments to Plaintiff. Pursuant to the terms and conditions of the Leases, IIC agreed to pay the rent when due.

32. IIC abided by the terms and conditions of the Leases and remitted the monthly rental payments each month up until August 2013.

---

[2] See Exhibit B

33. On or about August 30 2013, in what can only be described as a crooked attempt to intentionally deceive Plaintiff, Koehler sent Plaintiff an email[3], which stated in part:

> "I have September's rent check in hand for your 2 houses. I am headed out of town today and was going to give it to Duke[4] to give you but he is also out today. (I will look to see if Jesse is still here) Otherwise, I can get it to you Tuesday if that's ok
> Thanks, David"

34. Pursuant to the Koehler Email, no checks were ever remitted to Plaintiff, See Affidavit of Plaintiff Jeffrey Cohen[5].

35. Defendants Bealuk, INSRIS, and Johnson took exclusive control of IIC in July 2013 and have maintained technical control over all of the IIC bank accounts which in turn gives Defendants Bealuk, INSRIS, and Johnson exclusive authority over all payments to be made by IIC. Defendants Bealuk, INSRIS, Johnson, and Koehler had actual knowledge of the employment agreement and Leases. Payments for both Leases and payments for compensation adhering to the employment agreement had been remitted to Cohen without delay up until Defendants Bealuk, INSRIS, and Johnson coordinated their efforts, shared information and planned together with Defendant Koehler to breach the Leases and breach the employment agreement in order to harm Cohen. Defendants Bealuk, INSRIS, Johnson, and Koehler agreed and conspired among themselves to share and coordinate their knowledge, activity, and decisions so that Cohen would be harmed through unlawful means by breaching multiple contracts and violating Maryland Labor Laws. Defendants Bealuk, INSRIS, and Johnson caused the employment agreement and

---

[3] See Exhibit C
[4] Referring to Jeffrey Duke, an employee of IIC at the time of the email.
[5] See Exhibit D

Leases to be interfered with and Koehler orchestrated the dishonest action to provide a false sense of security to Plaintiff that the Leases were going to be paid.

## NI Agency, LLC

36. Cohen is the 100% owner of NI Agency, LLC ("NIA"), NIA is a retail insurance agency; it's retail book of business is substantial, despite the outright misrepresentation made by Teichman, under oath in the Delaware Court of Chancery[6].   The book of business consists of hundreds of independent insured customers that purchase products from NIA. The book is distinct and separate from the IIC book of business.  Hoffman, has been offering to sell NIA's book of business to unaffiliated third parties without any authority whatsoever.  Defendant Nerney specifically instructed  Hoffman to sell the NIA book to anyone interested[7].

37. Hoffman, acting under the supervision and control of Defendants Nerney, Wright, Bealuk,  INSRIS, and Johnson have attempted to sell assets that they do not own in order to harm Plaintiff.

38. As the only member of  NIA which is a single member limited liability company, Cohen has suffered significant financial damage and has standing to assert damages due to the intentional and willful misconduct of Defendants Hoffman, Nerney, Wright, Bealuk, INSRIS, and Johnson.

**Defamation**

39. Beginning on or about early August 2013, Lodowski, Nerney, and Wright knowingly made false and malicious comments about Plaintiff including but not limited to the following:

---

[6] See Exhibit E
[7] See Exhibit F

a) "Jeff is going to prison."

b) "Jeff is a thief."

c) "Jeff stole millions of dollars."

d) "Jeff is a liar."

e) "Jeff is a bully."

f) "Jeff spent all the money in the IIC account."

g) "Jeff's an asshole."

h) "Jeff is going to cause IIC to be shut down."

40. Defendants Lodowski, Nerney, and Wright made these statements during face-to-face meetings at the Office, to several of IIC employees[8]

41. Moreover, Defendants Lodowski, Nerney, and Wright conspired to systematically target Plaintiff in an effort to sabotage his financial standing and business relationships, and ruin his career and reputation in the community.

42. Plaintiff has suffered and continues to suffer damages as a result of Defendants' Lodowski, Nerney, and Wright knowing, intentional and malicious conduct.

### Deceit and Negligent Misrepresentation

43. Defendants Lodowski, Metcalf, Teichman, and Koehler conspired among themselves to share and coordinate their knowledge, activity, and decisions so that Cohen would be harmed through unlawful means by deceit and negligent misrepresentation. Defendants Lodowski, Metcalf, and Koehler intentionally devised a scheme to utilize a third party contractor, Leslie Haskins, to make herself available to testify against Cohen in which

---

[8] See Exhibit G

she was asked to lie about the nature of the information technology issues that were plaguing IIC. Ms. Haskins was specifically asked to lie and state[9]:

> "IT systems were setup to fail or were purposefully sabotaged by Cohen"

44. Defendant Koehler perjured himself in the Delaware Chancery Court multiple times[10] in an effort to harm Cohen.

45. Defendant Teichman, an officer of the Court, has committed egregious actions of negligent misrepresentation and deceit in an attempt to harm Cohen[11].

46. Defendants Lodowski, Metcalf, Teichman, and Koehler knew or should have known that their actions contained falsities and or that their representations were made with reckless indifference for the truth.

47. Defendants Lodowski, Metcalf, Teichman, and Koehler misrepresented information to the Plaintiff and to others for the purpose of defrauding Cohen and others

48. Defendants Lodowski, Metcalf, Teichman, and Koehler knew that Cohen and others would rely on their misrepresentations.

49. Cohen suffered damages resulting from the misrepresentations made by Defendants Lodowski, Metcalf, Teichman, and Koehler.


### U.S.C Title 18 §1702 Violation

50. Defendants Lodowski and Metcalf have conceded that they violated federal law by opening Plaintiff's mail without authority. Lodowski and Metcalf interfered with mail that was addressed to Cohen and in some instances the mail was marked "Private and Confidential". Plaintiff's mail was being opened by Lodowski and Metcalf without

---

[9] See Exhibit H
[10] See Exhibit I
[11] See Exhibit J

permission or consent. When queried as to who was opening Plaintiff's mail, Metcalf

responded affirmatively, that it was Metcalf and Lodowski[12] that had committed this

unlawful violation of federal rule.

## Unlawful use of Confidential Information and Violation of the Computer Fraud and Abuse Act of 1986

51. Plaintiff and Plaintiff's entities are the original creators and authors of several technical

computer applications, procedural manuals, and confidential materials (hereafter referred

to as ("Materials") related to the proper methods and protocols to insure risks and manage

claims within the entertainment market segments.

52. All of the Materials were stored and maintained within the premises of 950 Ridgebrook

Rd Sparks, MD 21152.

53. The Materials as created by Plaintiff and Plaintiff's entities pre-date the IIC business and

therefore are expressly owned by Plaintiff and Plaintiff's entities.

54. Defendants have accessed, permitted access to and destroyed Materials that were stored

on protected computers used in interstate commerce.

55. Defendants did not have authorization from Plaintiff or Plaintiff's entities to access

Materials and did so in an unlawful manner.

56. The Defendants actions violated the duty of loyalty to Plaintiff and Plaintiff's entities and

caused loss in excess of $5,000 to computer files, programs, systems, information and

other data included within the Materials.

57. Defendants caused an impairment to the integrity and available data included within the

Materials and caused irreparable harm to Plaintiff.

---

[12] See Exhibit K

58. Defendants have blatantly, unlawfully and maliciously accessed and misappropriated the Materials in an attempt to utilize the Materials for their own financial gain[13]. As a result, Plaintiff has been irreparably harmed.

## COUNT I
**(Tortious Interference with Contract, Tortious Interference with Existing Business Relationships, and Civil Conspiracy Against Defendants Teichman, INSRIS, Bealuk, Koehler, Johnson, Wright, Hoffman, and Nerney.)**

59. Paragraphs 1 through 58 are incorporated by reference as if set forth in full herein.

60. The Employment Agreement is a valid and enforceable contract, supported by adequate consideration, under applicable law. Defendants Bealuk, INSRIS, Koehler, and Johnson acting outside of their capacities as employees and/or agents of IIC and while conspiring with each other with an improper motive to injure Plaintiff, intentionally, tortiously, and maliciously interfered with Plaintiff's Employment Agreement with IIC.

61. As a direct and proximate result of the conduct of Defendants Bealuk, INSRIS, Koehler, and Johnson; Plaintiff has suffered and will continue to suffer lost employment opportunities and income, damage to his business and personal reputation, and other damages.

62. The Leases between Plaintiff and IIC are valid and enforceable contracts, supported by adequate consideration, under applicable law. Plaintiff has fully performed his obligations under the Leases. Plaintiff has not breached the Leases, materially or otherwise.

63. Defendants Bealuk, INSRIS, Koehler, and Johnson acting outside of their capacities as employees and/or agents of IIC and while conspiring with each other with an improper

---

[13] See Exhibit L

motive to injure Plaintiff, intentionally, tortiously, and maliciously interfered with Plaintiff's Lease agreements with IIC.

64. Plaintiff has been damaged as a direct and proximate result of the conduct of Defendants Bealuk, INSRIS, Koehler, and Johnson . Plaintiff has suffered damages including but not limited to, unpaid rental amounts, unpaid late fees, costs and fees incurred in enforcing the Lease and bringing this action.

65. Plaintiff has been damaged as a direct and proximate result of the intentional and willful selling or giving away of the NIA book of business by Defendants Teichman, INSRIS, Bealuk, Koehler, Johnson, Wright, Hoffman, and Nerney.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against Defendants Bealuk, INSRIS, Koehler, Wright, Hoffman, Nerney, and Johnson for compensatory damages in an amount equal to Twenty Million Dollars ($20,000,000), plus, reasonable fees, interest, and costs of suit; and award such other and further relief as the interests of justice may require.

**COUNT II**
**(Defamation Against Defendants Lodowski, Nerney, and Wright)**

66. Paragraphs 1 through 65 are incorporated by reference as if set forth in full herein.

67. Plaintiff has been damaged by the intentional and willful misconduct of Defendants Lodowski, Nerney, and Wright by defaming Plaintiff and spreading false and malicious rumors about him to IIC employees and others.  Defendants Lodowski, Nerney, and Wright knowingly made false and defamatory statements, harming Plaintiff.

14

68. In the alternative, Defendants Lodowski, Nerney, and Wright made these false and defamatory statements with reckless disregard for their truth. Defendants Lodowski, Nerney, and Wright adopted, condoned and/or ratified the false and defamatory statements and are therefore legally at fault and liable for defamation. The false and defamatory statements exposed Plaintiff to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, Plaintiff. Defendants acted with malice and an intent to injure Plaintiff, justifying an award of punitive damages.

69. As a direct and proximate result of these false and defamatory statements, Plaintiff has suffered, and continues to suffer, injury to his standing and reputation in the community, great harm to his occupation, personal humiliation and mental anguish.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants Lodowski, Nerney, and Wright for compensatory damages in an amount unknown at this time with precision, but, upon information and belief, not less than Seven Hundred Fifty Thousand Dollars ($750,000.00), plus punitive damages of Three Million Dollars ($3,000,000.00), reasonable fees, and costs of suit; and award such other and further relief as the interests of justice may require.

### COUNT III
**(Deceit and Negligent Misrepresentation against Defendants Lodowski, Metcalf, Teichman, and Koehler)**

70. Paragraphs 1 through 69 are incorporated by reference as if set forth in full herein.

71. Defendants Lodowski, Metcalf, Teichman, and Koehler conspired among themselves to share and coordinate their knowledge, activity, and decisions so that Cohen would be harmed through unlawful means by deceit and negligent misrepresentation.

15

72. As a direct and proximate cause of their deceitful actions and negligent

misrepresentations, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff prays that judgment be entered in his favor and against Defendants

Lodowski, Metcalf, Teichman, and Koehler for compensatory damages in an amount unknown at

this time with precision, but, upon information and belief, not less than Seven Hundred Fifty

Thousand Dollars ($750,000.00), plus punitive damages of Three Million Dollars

($3,000,000.00), reasonable fees, and costs of suit; and award such other and further relief as the

interests of justice may require.

## COUNT IV
### (Violation of U.S.C Title 18 §1702 against Defendants Lodowski and Metcalf)

73. Paragraphs 1 through 72 are incorporated by reference as if set forth in full herein.

74. Plaintiff has been damaged by the intentional and willful misconduct of Defendants

Lodowski and Metcalf by their admitted violation of U.S.C. Title 18 § 1702.

**WHEREFORE,** Plaintiff prays that judgment be entered in his favor against Defendants

Lodowski and Metcalf for compensatory damages in an amount unknown at this time with

precision, but, upon information and belief, not less than Three Hundred Fifty Thousand Dollars

($350,000.00), plus reasonable fees, and costs of suit; and award such other and further relief as

the interests of justice may require.

## COUNT IV
### (The Unlawful use of Confidential Information and Violation of the Computer Fraud and Abuse Act of 1986 against All Defendants)

75. Paragraphs 1 through 74 are incorporated by reference as if set forth in full herein.

76. Defendants have blatantly, unlawfully and maliciously accessed and misappropriated the

Materials in an attempt to utilize the Materials for their own financial gain.  As a result,

Plaintiff has been irreparably harmed.

**WHEREFORE,** Plaintiff prays that judgment be entered in his favor against All Defendants for

compensatory damages in an amount unknown at this time with precision, but, upon information

and belief, not less than Three Million Dollars ($3,000,000.00), plus reasonable fees, and costs of

suit; and award such other and further relief as the interests of justice may require.


**WHEREFORE,** Plaintiff prays for trial by jury and the relief as stated herein.



Date: March 13, 2014


Respectfully submitted,


By:

Jeffrey Cohen
Plaintiff Jeffrey Cohen, *pro se.*
2419 Long Ridge Rd
Reisterstown, MD 21136
Tel:    (443) 844-5068
Fax:    (443) 381-0274
jcohen@risk-works.com

17